David E. Bower (119546)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CANNON, Derivatively on Behalf of Nominal Defendant BRIDGEPOINT EDUCATION, INC., | Case No. **'13 CV 2645 WQH BLM** |
| Plaintiff, | **NOTICE OF MOTION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID E. BOWER IN SUPPORT THEREOF** |
| v. | |
| ANDREW S. CLARK, DANIEL J. DEVINE, JANE McAULIFFE, RODNEY T. SHENG, PATRICK HACKETT, RYAN CRAIG, ROBERT HARTMAN, ADARSH SARMA, DALE CRANDALL, DR. MARYE ANNE FOX, and ANDREW M. MILLER, | |
| Defendants, | |
| -and- | |
| BRIDGEPOINT EDUCATION, INC. | |
| Nominal Defendant. | |

**MOTION TO FILE COMPLAINT UNDER SEAL**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that Plaintiff James Cannon ("Plaintiff"), by and through his attorneys, derivatively on behalf of nominal defendant Bridgepoint Education, Inc. ("Bridgepoint" or the "Company"), does hereby apply to the Court pursuant to Rule 5.2(d) of the *Federal Rules of Civil Procedure* and Civil Local Rule 79.2(c) ("CivLR") of the Local Civil Rules of Practice for the United States District Court for the Southern District of California for an Order permitting the filing under seal of Plaintiff's Verified Shareholder Derivative Complaint ("Complaint") against the directors and officers named herein (collectively, the "Individual Defendants"). This Motion is

- 1 -

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

1  being made to comply with the parties' Confidentiality Agreement entered into and signed by

2  counsel for the parties prior to the filing of this Complaint.

3      This Motion is based on this Notice, the accompanying Memorandum of Points and

4  Authorities and the Declaration of David E. Bower in Support of this Motion to file the Complaint

5  under seal.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7  **I.    INTRODUCTION**

8

9      Plaintiff James Cannon ("Plaintiff") respectfully requests this Court seal Plaintiff's Verified

10  Shareholder Derivative Complaint ("Complaint") to be filed concurrently with this Notice of and

11  Motion.  For the reasons more fully described below, Plaintiff also respectfully requests the Court

12  grant Plaintiff's Motion to file the Complaint under seal, which contains information which has

13  been identified by defendants as confidential.  Sealing the Complaint will comply with the parties'

14
   Confidentiality Agreement already entered into in contemplation of this lawsuit.
15

16  **II.   FACTUAL BACKGROUND**

17      On November 19, 2012, Plaintiff, by and through his counsel and, pursuant to Delaware

18  General Corporation Law section 220 ("8 Del. C. § 220"), demanded that Bridgepoint allow him to

19  inspect certain books, records, and company documents including review of certain of the

20  Company's Board of Director minutes, Audit Committee Minutes, Board materials, and

21
   promotional materials related to Bridgepoint's accreditation status of its universities (the
22
23  "Demand").

24      On January 31, 2013, Plaintiff and Bridgepoint entered into a Confidentiality Agreement

25  that confirmed their mutual understanding as to the treatment of the materials and information

26

27

28

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

1  Bridgepoint provided to Plaintiff in response to the Demand.[1]  Bridgepoint stated in that

2  Confidentiality Agreement that such materials to be produced by the Company are referred to

3  herein [in the Confidentiality Agreement] as "Confidential Information."[2]  Further, the

4  Confidentiality Agreement conditioned providing the information upon Plaintiff's agreement to file

5  any document containing Confidential Information in a court proceeding under seal and restricting

6  access to such document therein to the Court and court personnel in which such action is filed.[3]

7

8  Plaintiff is now seeking to file his Complaint consisting of a derivative action brought by the

9  Plaintiff, a shareholder of Bridgepoint, on behalf of Bridgepoint against current and former officers

10  and certain members of the Board of Directors named as individual defendants in the Complaint.

11  Plaintiff's allegations are based on alleged misconduct of the Individual Defendants who allegedly

12  breached their fiduciary duties to the Company's shareholders.

13  Concurrent with Plaintiff's filing of his derivative action Plaintiff is submitting this Motion

14  requesting this Court to file the entirety of his Complaint under seal, in compliance with the

15  Confidentiality Agreement signed by both parties.

16

17  **III.   ARGUMENT**

18  Plaintiff's Complaint contains information derived from Bridgepoint's books, records and

19  Company documents that were obtained only after entering into the aforesaid Confidentiality

20  Agreement.  Defendants state that the information obtained and produced by them is Confidential

21  Information as it is defined in the Confidentiality Agreement.  That Confidentiality Agreement

22  clearly states (at ¶ 8) that:

23

24  > Any document containing Confidential Information filed by or referred
to in or on behalf of the Demanding Party in a court proceeding shall

25

26  [1] A copy of the Confidentiality Agreement signed by the parties by January 31, 2013, is attached hereto as Exhibit A (Conf. Agreement ¶ 1).

27  [2] See ¶ 2 of the Confidentiality Agreement (Exhibit A).
[3] See ¶ 8 of the Confidentiality Agreement.

28

-3-

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

1
2
3

be initially filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such document and the information therein to the court in which such action is filed, court personnel and the persons listed in paragraph 4 hereof.

4   Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79.2(c) of this Court

5   permit cases to be filed under seal and set forth the procedural and substantive requirement for

6   filing documents under seal.  In order to seal records, a party must:

7   (1)   Gain prior approval to file a document under seal by the Court by submitting a

8   Notice of Manual Filing, a written Motion, and a proposed order along with the document submitted

9   for filing; and

10   (2)   Provide the basis for the request to file under seal. Fed. R. Civ. P. § 5.2(d); Local

11   Rule 79.2(c).

12   The protection of private and confidential business matters have consistently been

13   recognized as appropriate interests that justify sealing of documents.  "In general, compelling

14   reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records

15   exist when such court files might have become a vehicle for improper purposes, such as the use of

16   records to . . . release trade secrets." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179

17   (9th Cir. 2006).  Based upon the nature of the information obtained by Plaintiff that forms the basis

18   of his Complaint and is listed throughout, Plaintiff respectfully requests this Court to file under seal

19   the entirety of his Complaint.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

-4-

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

**IV.    CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and issue an order sealing Plaintiff's Verified Shareholder Derivate Complaint being filed herewith.

Respectfully submitted,

FARUQI & FARUQI, LLP

By:  _____
        David E. Bower

10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: dbower@faruqilaw.com

*Attorneys for Plaintiff*

- 5 -

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

# EXHIBIT A

## AGREEMENT GOVERNING THE
## INSPECTION OF CONFIDENTIAL MATERIAL

IT IS HEREBY AGREED, by and between the undersigned parties, as follows:

1.      This Agreement governs the handling of Confidential Material, as defined in paragraph 2 herein (hereinafter collectively referred to as "Confidential Material"), produced by Bridgepoint Education, Inc. (the "Company") for inspection in response to demand from James Cannon (the "Demanding Party") dated November 19, 2012 (the "Demand") for the inspection of certain books and records of the Company pursuant to 8 Del. C. § 220.

2.      For purposes of this Agreement, the Company may designate documents or other materials as Confidential Material if such documents or other materials contain or reflect:   trade secrets; business plans or strategies; marketing plans or strategies; financial information, reports, projections or analyses; product design or development, technical information; pricing, competitive position, customer lists, personnel information or similar operational or competitive matters; or other personally or commercially sensitive or proprietary information; and information derived therefrom.   Confidential Material shall not include information which (a) is or becomes generally available to the public other than as a result of disclosure by the Demanding Party or its representatives, including its counsel, consultants, advisors, or other agents ("Representatives"); (b) was available to the Demanding Party or its Representatives on a non-confidential basis prior to its disclosure by the Company; or (c) becomes available to the Demanding Party or its Representatives on a non-confidential basis from another person, which is defined to include, without limitation, any real person or legal or business entity who properly obtained the Confidential Material and has the authority to provide it to Demanding Party.

3.      The designation of documents or other materials by the Company as

Confidential Material for purposes of this Agreement shall be made by affixing the legend "Confidential" to each page containing any Confidential Material except that in the case of multipage documents bound together by staple or other permanent binding, the appropriate legend need only be stamped on the first page of the document in order for the entire document to be treated as Confidential; *provided* that the failure to designate a document as "Confidential" does not constitute a waiver of the Company's right to designate such information as Confidential Material, and the Company may so designate a document after such document has been produced by notifying the receiving party of such designation in writing, with the effect that such document is subject to the protections of this Agreement from the date of such written designation.

4.    Confidential Material or its contents shall not be revealed, disclosed or otherwise made known to persons, directly or indirectly, other than the following:

(a)    The Demanding Party;

(b)    Faruqi & Faruqi, LLP, in its capacity as counsel for the Demanding Party;

(c)    Experts, advisors, and consultants retained by the Demanding Party for the purposes of conducting the inspection, or providing advice or assistance to the Demanding Party relating to the inspection demand, or exercising or enforcing legal rights as a stockholder of the Company, provided that each such expert, advisor or consultant shall sign a confidentiality statement in the form attached as Exhibit A, which statements shall be retained by the Demanding Party's counsel, and so long as such expert, advisor, or consultant shall not be working in any capacity with any party adverse to the Company in a pending action, including but not limited to, plaintiffs in the pending

consolidated securities class action captioned *Franke v. Bridgepoint Education, Inc., et al*, No 12-CV-01737 JM WMC (S.D. Cal.), plaintiffs in the consolidated shareholder derivative action captioned *In re Bridgepoint Education, Inc. Shareholder Derivative Litigation*, No. 37-2012-00101167-CU-BT-CTL (Superior Court of the State of California, County of San Diego), and plaintiffs in the class actions captioned *Rosendahl v. Bridgepoint Education, Inc.*, No. 12-CV-1737 (S.D. Cal.) and *Guzman v. Bridgepoint Education, Inc.*, 11-CV-0069 (S.D. Cal.);

(d)      Witnesses with percipient information relating to Demanding Party's investigation of this matter, provided that any such witness executes the confidentiality statement set forth in Exhibit A; and

(e)      The Court of Chancery of the State of Delaware in any proceeding pursuant to paragraph 5, and any court in any proceeding pursuant to paragraph 8, of this Agreement.

5.      If the Demanding Party objects to the designation of any document as Confidential Material under the terms of this Agreement, the Demanding Party shall give written notice of its objection to the Company. If the Demanding Party and the Company are unable to resolve, in good faith, any such disagreement, they agree to submit such dispute to the Court of Chancery of the State of Delaware for resolution. Until such court enters an order ruling on the confidentiality of the document or other material, it shall be treated as "Confidential Material" pursuant to this Agreement and handled in accordance with the relevant provisions of this Agreement.

6.     Each person listed in paragraph 4 hereof and given access to Confidential Material shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Agreement.

7.     Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Agreement shall not:

(a)     operate as an admission by the Demanding Party or Faruqi & Faruqi, LLP that any particular document or material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; or

(b)     prejudice in any way the rights of the Demanding Party to seek to exercise or enforce its legal rights as a stockholder of the Company, including any rights pursuant to 8 Del. C. § 220, subject to the provisions contained herein regarding maintaining confidentiality in any pleadings filed in any court; or

(c)     prejudice in any way the rights of the Company to object to the production of documents it considers not subject to discovery in any action, or operate as an admission by the Company that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by the Company to be confidential within the meaning of paragraph 2; or

(d)     prejudice in any way the rights of the Company to object to the authenticity or admissibility into evidence in any action of any document covered under the terms of this Agreement; or

(e)     prejudice in any way the rights of the Company to petition any court or administrative body for a protective order relating to any purportedly confidential information; or

(f)    otherwise affect the respective rights of any party to this Agreement concerning discovery and applicable privileges in any action.

8.    The Demanding Party or its Representatives shall make use of any Confidential Material only (i) for the purposes stated in the Demand, and (ii) in exercising or enforcing its legal rights in any court to bring a shareholder derivative action on behalf of the Company. Notwithstanding anything to the contrary herein, this Agreement shall not restrict in any way the right of any party hereto to seek discovery of any documents or materials subject to this Agreement in any other proceeding in which such documents or materials may be relevant. Any document containing Confidential Material filed by or referred to in or on behalf of the Demanding Party in a court proceeding shall be initially filed under seal subject to a confidentiality order consistent with the terms of this Agreement restricting access to such document and the information therein to the court in which such action is filed, court personnel and the persons listed in paragraph 4 hereof. Upon the later of one year from the date of this Agreement, or the conclusion of any shareholder derivative litigation filed by the Demanding Party, on the other hand, related to the Confidential Material, and upon the Company's request, the Demanding Party shall return to the Company the original and all copies of Confidential Material, or certify in writing that such Confidential Material has been destroyed.

9.    If the Demanding Party, Faruqi & Faruqi, LLP, experts, advisors, consultants, agents, or Representatives receive a subpoena or other compulsory process from a non-party to this Agreement seeking production or other disclosure of Confidential Material, the Demanding Party and/or Faruqi & Faruqi, LLP, to the extent permitted by law, shall give prompt written notice (identifying the Confidential Material sought and enclosing a copy of the subpoena or other compulsory process) to counsel for the Company sufficient to allow the

Company to seek a protective order or other appropriate remedy. The Demanding Party agrees to cooperate reasonably with the Company if it seeks to obtain a protective order concerning such Confidential Material. Nothing herein shall be construed as requiring any party covered by this Agreement to challenge or appeal any order requiring production of Confidential Material covered by this Agreement, or to subject itself to any penalties for non-compliance with any legal process or order or to seek any relief from any court. However, in the event that the Demanding Party or its Representatives are compelled to disclose Confidential Material in response to a subpoena or other compulsory process, they shall disclose only such Confidential Material as is required, in the opinion of counsel, and shall exercise all reasonable efforts to obtain confidential treatment of any Confidential Material that is so disclosed.

10.     This Agreement has no effect upon, and shall not apply to, the Company's use or dissemination of its own Confidential Material.

11.     Any notice required to be given pursuant to this Agreement shall be as follows:

If to the Company, to:

Nina F. Locker, Esq.
Wilson Sonsini Goodrich & Rosati, P.C.
650 Page Mill Road
Palo Alto, California 94304-1050

If to the Demanding Party, to:

    Michael J. Hynes, Esq.
    Faruqi & Faruqi, LLP
    101 Greenwood Avenue, Suite 600
    Jenkintown, Pennsylvania 19046

12.    This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to its principles or rules regarding conflicts of laws.

13.    This Agreement may be signed by the parties in counterparts.

JAMES CANNON

By: _____
    Lindsay A. Roseler, Esq., as attorney-in-fact

Date: Jan. 31, 2013

BRIDGEPOINT EDUCATION, INC.

By: _____
    Ignacio E. Salceda, Esq., as attorney-in-fact

Date: Jan. 28, 2013

## EXHIBIT A

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Agreement Governing the Inspection of Confidential Material between Bridgepoint Education, Inc. and James Cannon (the "Agreement"), and (ii) that I have read the Agreement. I understand the terms of the Agreement, I agree to be fully bound by the Agreement, and I hereby submit to the jurisdiction of the courts of the State of Delaware for purposes of enforcement of the Agreement.

Date:_____            Signature:_____

                                  Printed Name:_____

1 | **DECLARATION OF DAVID E. BOWER IN SUPPORT OF MOTION TO FILE VERIFIED**

2 | **SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL**

3 | I, David E. Bower, declare,

4 |      1.     I am an attorney, licensed to practice law in the state of California and am a partner

5 | in the law firm of Faruqi & Faruqi, LLP, counsel for Plaintiff, James Cannon, herein. As such, I am

6 | familiar with the facts set forth herein.

7 |      2.     Attached hereto as **Exhibit A** to this Motion To File Verified Shareholder Derivative

8 | Complaint Under Seal is a true and correct copy of the Confidentiality Agreement signed by my

9 | former colleague, Lindsay A. Roseler, and signed by Ignacio E. Salceda of the law firm Wilson

10 | Sonsini Goodrich & Rosati, P.C., who I am informed and believe are the attorneys representing

11 | Defendant Bridgepoint Education, Inc., and the named Individual Defendants herein.

12 |      3.     I am also informed that the documents that were produced by Defendants' counsel

13 | were only produced to our firm upon signing and agreeing to the Confidentiality Agreement. This

14 | Motion is being made in order to fully comply with the terms of that Confidentiality Agreement.

15 | I declare under penalty of perjury, pursuant to the laws of the United States, that the foregoing is

16 | true and correct.

17 |

18 | November 1, 2013

19 |                                    David E. Bower

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         ) *ss.:*
COUNTY OF LOS ANGELES    )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024.

On November 1, 2013, I caused the following document to be served which is described as:

**NOTICE OF MOTION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID E. BOWER IN SUPPORT THEREOF**

by delivering true copies addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ BY ELECTRONIC SERVICE. I emailed the above document(s) from e-mail address dbower@faruqilaw.com to the respective e-mail addresses listed in the attached service list, from Los Angeles, California.

☐ BY U.S. MAIL. I caused such envelope(s) to be mailed with postage thereon fully prepaid. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ BY OVERNIGHT MAIL. I caused such envelope(s) to be deposited with the Federal Express repository. I am familiar with the firm's practice of collection and processing via Federal Express. Under that practice the package would be deposited in the Federal Express drop box on that same day with postage thereon fully prepaid in the ordinary course of business.

Executed on November 1, 2013, at Los Angeles, California.

Michael Blackman

-7-

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT UNDER SEAL

## SERVICE LIST

**WILSON SONSINI GOODRICH & ROSATI, P.C.**
Nina F. Locker
Ignacio E. Salceda
650 Page Mill Road
Palo Alto, California  94304-1050
Tel:  (650) 320-4888
Fax: (650) 493-6811
nlocker@wsgr.com
isalceda@wsgr.com

*Attorneys for Defendants*

NOTICE OF MOTION AND PLAINTIFF'S MOTION TO FILE VERIFIED SHAREHOLDER
DERIVATIVE COMPLAINT UNDER SEAL