# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CANNON, derivatively on behalf of Nominal Defendant BRIDGEPOINT EDUCATION, INC., <br><br>                                            Plaintiff, <br><br> v. <br><br> ANDREW S. CLARK; DANIEL J. DEVINE; JANE MCAULIFFE; RODNEY T. SHENG; PATRICK HACKETT; RYAN CRAIG; ROBERT HARTMAN; ADARSH SARMA; DALE CRANDALL; DR. MARYE ANNE FOX; and ANDREW M. MILLER, <br><br>                                            Defendants. | Case No.:  13cv2645 JM (NLS) <br><br> **CONDITIONAL DENIAL OF MOTION FOR ISSUANCE OF NOTICE** |

    This order addresses the parties' Motion for Issuance of Notice ("Motion"), filed on September 2, 2015.  (Doc. No. 26).  The motion is conditionally denied as the parties' proposed method of notice falls short of the court's suggested method as provided in the Order Denying Motion for Dismissal without Notice to Shareholders ("Order"), filed on August 3, 2015.  (Doc. No. 22).  However, the deficiency in the parties' proposed method of notice can be easily remedied by including an 8-K filing in the method of notice, to be combined with the already proposed (1) press release to be issued by Hynes Keller &

1  Hernandez, LLC through PR Newswire; (2) press release to be issued by Bridgepoint
2  Education, Inc. ("Bridgepoint"), maintained on its website in its Media Room, and
3  hyperlinked to Bridgepoint's Investor Relations website; and (3) website content to be
4  maintained on Bridgepoint's website in the Investor Relations section where the link shall
5  remain active for a minimum of 30 days.

## BACKGROUND

Plaintiff's First Motion for Voluntary Dismissal

On June 12, 2015, Plaintiff filed a motion for voluntary dismissal without prejudice and without notice to shareholders. (Doc. No. 19.) Plaintiff asserted that no notice was necessary because neither he nor his counsel had received compensation for the dismissal, and that a state derivative action was substantially similar to this case and was still pending.

On June 16, 2015, the court denied Plaintiff's motion without prejudice. (Doc. No. 20). The court noted that voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) is subject to Federal Rule of Civil Procedure 23.1(c), which provides that a derivative action can be voluntarily dismissed only with the court's approval, and that notice of the proposed dismissal must be given to shareholders in the manner the court orders. The court denied Plaintiff's motion because he had not provided any legal authority or analysis addressing the circumstances under which the notice requirement can be dispensed with, and he did not submit a proposed order or any information to allow the court to verify that the state derivative action was similar to this one.

Plaintiff's Second Motion for Voluntary Dismissal

On July 7, 2015, Plaintiff filed a second motion for voluntary dismissal without prejudice and without notice to shareholders, which was supported by legal analysis and accompanied by the complaint from the state derivative action. (Doc. No. 21). Because Plaintiff did not show that there was no risk of prejudice if the case was dismissed without giving shareholders notice and an opportunity to intervene, the court denied Plaintiff's second motion for voluntary dismissal without notice to shareholders, and

ordered the parties to meet and confer and submit a joint notice plan to the court, including the proposed language, forms, methods of delivery, and dates for the proposed intervention period. Additionally, the court suggested implementing a combination of cost-saving methods of notice, such as a press release by the company, a link on the company's investor website to a webpage that will be displayed for at least 30 days, and an 8-K filing with the SEC.

Instant Motion for Issuance of Notice

Pursuant to the court's order, the parties filed a Motion for Issuance of Notice on September 3, 2015. (Doc. No. 26). While the parties' proposed method of notice, including the language, forms, method of delivery, and dates of the intervention period generally complies with the court's suggested method of notice, the parties failed to include an 8-K filing in the proposed notice.

## DISCUSSION

Rule 23 of the Federal Rules of Civil Procedure states that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c).

In the Order, the court suggested that the parties implement a combination of cost-saving methods of notice, such as "a press release by the company, a link on the company's investor website to a webpage that will be displayed for at least 30 days, *and* an 8-K filing with the SEC." (Order, p. 9) (emphasis added). The court's proposed method is consistent with what other district courts have required in similar cases. See Bushansky v. Armacost, 2014 WL 2905143, at *6-7 (N.D. Cal. June 25, 2014) (requiring a notice plan to include a link on defendant's investor relations website that leads to a webpage to be displayed for a minimum of 30 days, a press release to be issued by defendant, and an 8-K filing with the SEC). See also In re Rambus Inc. Derivative Litig., 2009 WL 166689, at *2 (N.D. Cal. Jan. 20, 2009) (approving settlement where notice included a link on a company website, press release, and an 8-K filing with the SEC); In

re MRV Commc'ns, Inc. Derivative Litig., 2013 WL 2897874, at *1 (C.D. Cal. June 6, 2013) (approving notice filed as an attachment to an 8-K filing, published on company website, and published for one day in *Investor's Business Daily* ); Feuer v. Thompson, 2012 WL 665297, at *2–3 (N.D. Cal. Dec. 13, 2012) (approving notice by publication on company website, in an 8-K filing, and publication in the *Wall Street Journal* and *The New York Times* ); In re PMC–Sierra, Inc. Derivative Litig., 2010 U.S. Dist. LEXIS 5818 at *4 (N.D. Cal. Jan. 26, 2010) (approving notice via an 8-K filing, posting on company's website, and single day publication in the national edition of *Investor's Business Daily*).

The court concludes that the best practices in a case such as this call for an 8-K filing as a necessary component of notice to be given to shareholders.  Because the parties did not include an 8-K filing with the SEC in their proposed method of notice, the court conditionally denies the motion and instructs the parties to file an amended notice plan, which must include an 8-K filing, to be combined with the rest of the notice methods suggested by parties.  Upon submission of the proposed method of notice including an 8-K filing, the court will provide the requested approval.

IT IS SO ORDERED.

DATED:  September 17, 2015

JEFFREY T. MILLER
United States District Judge